IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID ABIEL ZELBIC PETERS, #A6111902,<br><br>        Plaintiff,<br><br>  vs.<br><br>KAUAI COMMUNITY CORRECTIONAL FACILITY,<br><br>        Defendant. | CIVIL NO. 22-00512 LEK-RT<br><br>ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is pro se Plaintiff David Abiel Zelbic Peters' ("Peters")

Prisoner Civil Rights Complaint ("Complaint") brought pursuant to 42 U.S.C.

§ 1983.  ECF No. 1.  Peters alleges that the Kauai Community Correctional Center

("KCCC") violated his constitutional rights because another inmate pointed at

Peters' private parts while he was showering and forced him to clean the shower

while naked.  *Id.* at 5.

For the following reasons, the Complaint is DISMISSED with partial leave

granted to amend.  If he chooses to do so, Peters must file an amended pleading on

or before **February 22, 2023**.  In the alternative, Peters may voluntarily dismiss

this action pursuant to Fed. R. Civ. P. 41(a)(1), and this dismissal will not count as a strike under 28 U.S.C. § 1915(g).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[1]

Peters states that he is a pretrial detainee at the KCCC.  *See* ECF No. 1 at 5; VINE, https://www.vinelink.com/classic/#/home/site/50000 (select "ID Number"; enter "A6111902" in "ID Number" field; and select "Search") (last visited Jan. 23, 2023).

On an unspecified date, Peters was showering when a sentenced inmate opened the shower door, pointed at Peters' private parts, and said, "Oh wow boto." ECF 1 at 5.  The sentenced inmate stood in the shower door and stared at Peters. *Id*.  The sentenced inmate talked about Peters' private parts and forced him to clean the shower while naked.  *Id*.  According to Peters, the sentenced inmate has a history of sexual assaults.  *Id*.

---

[1] For purposes of screening, Peters' allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Peters complained to a corrections officer, who reported the incident to a supervisor.  *Id*.  Peters also reported the incident in accordance with the Prison Rape Elimination Act.  *Id*.

Peters commenced this action by signing the Complaint on December 1, 2022.  *Id*. at 8.  On December 17, 2022, the Court received Peters Application to Proceed in Forma Pauperis by a Prisoner.  ECF No. 5.  The Court granted the application on the same day.  ECF No. 6.

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required

to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Thus, a plaintiff must allege that he suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B.  Eleventh Amendment Immunity

The only Defendant in this action is the KCCC.  *See* ECF No. 1 at 1.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Any claims against the KCCC are barred by the Eleventh Amendment.  *See McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567 DKW-KJM, 2021 WL 115654, at *2 (D. Haw. Jan. 12, 2021) ("Any claims against . . . the [Halawa Correctional Facility] are barred by the Eleventh Amendment."); *Rowan v. Dep't*

*of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2

(D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety

(DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh

Amendment.").  Peters' claims against the KCCC are therefore DISMISSED with

prejudice.  Peters may amend his pleading, however, to name a proper defendant or

defendants.

## C.     Fourteenth Amendment Claims

If Peters chooses to file an amended pleading, he must consider the

following legal standards.  Peters alleges that conditions of his pretrial confinement

at the KCCC violated the First, Eighth and Fourteenth Amendments.  ECF No. 1 at

5.

Where a pretrial detainee challenges conditions of confinement, such claims

"arise under the Fourteenth Amendment's Due Process Clause, rather than under

the Eighth Amendment's Cruel and Unusual Punishment Clause." *Gordon v.*

*County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks

and citation omitted).  The standard under the Fourteenth Amendment for a pretrial

detainee "differs significantly from the standard relevant to convicted prisoners,

who may be subject to punishment so long as it does not violate the Eighth

Amendment's bar against cruel and unusual punishment." *Olivier v. Baca*, 913

F.3d 852, 858 (9th Cir. 2019) (internal quotation marks and citation omitted).

6

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote omitted);[2] *see also Block v. Rutherford*, 468 U.S. 576, 583–85 (1984). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense[.]" *Bell*, 441 U.S. at 537. "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

Peters suggests that his security was threatened. ECF No. 1 at 5. To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would

---

[2]  Although *Bell* considered a claim under the Due Process Clause of the Fifth Amendment, the same standards apply under the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted).

## IV. <u>LEAVE TO AMEND</u>

When a pleading is dismissed under 28 U.S.C. § 1915A, district courts have discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id.* at 1129. "Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order) ("We have held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile.").

The Complaint is DISMISSED with partial leave granted to amend.  If Peters decides to pursue his claims, he must file a first amended complaint on or before **February 22, 2023**, that attempts to cure the deficiencies in those claims. Peters may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint.  Claims that do not properly relate to those in the Complaint are subject to dismissal.

Peters must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights complaint form.  An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  <u>28 U.S.C. § 1915(g)</u>

If Peters fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action

or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Alternatively, Peters may voluntarily dismiss his action pursuant to Fed. R.

Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C.

§ 1915(g).

## VI.  <u>CONCLUSION</u>

(1) Peters's claims against the KCCC are DISMISSED with prejudice.

(2) Peters may amend his pleading to name a proper defendant or

defendants.

(3) If Peters decides to do so, he must file an amended complaint that

addresses the noted deficiencies in his claims on or before **February 22, 2023**.

(4) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Peters may incur a strike under

28 U.S.C. § 1915(g).  ALTERNATIVELY, Peters may voluntarily dismiss his

action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Peters a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  January 23, 2023, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID ABIEL ZELBIC PETERS VS. KAUAI COMMUNITY CORRECTIONAL FACILITY; CV 22-00512 LEK-RT; ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND**