IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID ABIEL ZELBIC PETERS, #A6111902,<br><br>            Plaintiff,<br><br>    vs.<br><br>KAUAI COMMUNITY CORRECTIONAL FACILITY; *et al.*,<br><br>            Defendants. | CIVIL NO. 22-00512 LEK-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is pro se Plaintiff David Abiel Zelbic Peters' ("Peters")

First Amended Prisoner Civil Rights Complaint ("FAC") brought pursuant to

42 U.S.C. § 1983.  ECF No. 9.  Peters alleges that the "County of Kauai," the

"Kauai Community Corrections," and the "Department Safety" violated his

constitutional rights because another inmate sexually harassed Peters while he was

showering and forced him to clean the shower while naked.  *Id.* at 5.

For the following reasons, the FAC is DISMISSED with partial leave

granted to amend.  If he chooses to do so, Peters must file an amended pleading on

or before **March 20, 2023**.  In the alternative, Peters may voluntarily dismiss this

action pursuant to Fed. R. Civ. P. 41(a)(1), and this dismissal will not count as a strike under 28 U.S.C. § 1915(g).

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it

2

appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND[1]

On an unspecified date, while Peters was a pretrial detainee at the Kauai Community Correctional Center ("KCCC"), a sentenced inmate entered the shower while Peters was showering.  ECF No. 9 at 5.  The sentenced inmate "sexually harassed" Peters, made "sexual perverse comments" towards him, and told Peters to clean the shower while the sentenced inmate watched.  *Id.*  According to Peters, he was housed in a module at the KCCC that included both pretrial detainees and sentenced inmates.  *Id.*  Ordinarily, pretrial detainees and sentenced inmates showered at difference times.  *Id.*

Peters commenced this action by signing the original Complaint on December 1, 2022.  ECF No. 1 at 8.  On January 23, 2023, the Court issued an Order Dismissing Complaint with Partial Leave to Amend.  ECF No. 7.  In the Order, the Court explained that any claims against the KCCC were barred by the Eleventh Amendment.  *Id.* at 5–6.  The Court also provided the legal standard for

---

[1] For purposes of screening, Peters' allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

threat to safety claims under the Fourteenth Amendment in case Peters chose to file an amended pleading naming a proper defendant or defendants.  *Id.* at 6–8.

On February 15, 2023, the Court received the FAC.  ECF No. 9.  In the FAC, Peters includes in the caption as Defendants the "County of Kauai," the "Kauai Community Corrections," and the "Department Safety."  *Id.* at 1.  Peters seeks one million dollars in compensatory damages, $50,000 in punitive damages, and injunctive relief.  *Id.* at 6.

### III.  <u>DISCUSSION</u>

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*,

588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that he suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## B. Eleventh Amendment Immunity

Peters again names as a Defendant the KCCC, and he also added the Department of Public Safety ("DPS"). ECF No. 9 at 1.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

As the Court explained in dismissing the original Complaint, any claims against the KCCC are barred by the Eleventh Amendment. *See McGinnis v. Halawa Corr. Facility*, Civ. No. 20-00567 DKW-KJM, 2021 WL 115654, at *2 (D. Haw. Jan. 12, 2021) ("Any claims against . . . the [Halawa Correctional

Facility] are barred by the Eleventh Amendment.").  Similarly, any claims against the DPS are also barred by the Eleventh Amendment.  *See Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").  Peters' claims against the KCCC and the DPS are therefore DISMISSED with prejudice.

**C.    Municipal Liability**

Peters also names as a Defendant the County of Kauai.  ECF No. 9 at 1.  In *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), the Supreme Court held that a municipality could be "sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690–91.  In addition, the Supreme Court has held that a municipality can be liable under Section 1983 for a "failure to train" when "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor–

or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691.

Thus, a plaintiff can allege municipal liability under Section 1983 in any of three ways.  First, a municipality can be liable when it or a person with final policymaking authority within the municipality expressly enacts or authorizes a policy respecting a challenged action.  *Id.* at 690; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482–83 (1986) ("The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable.").  In this regard, a municipality can also be liable when a final policymaker "ratifie[s]" a subordinate's conduct and the basis for it. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066–67 (9th Cir. 2013).  Second, a municipality can be liable for a custom that, although not expressly enacted, is "so permanent and well settled" it operates with the force of law.  *Monell*, 436 U.S. at 691 (internal quotation marks omitted).  Third, a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants.  *City of Canton*, 489 U.S. at 388.  In addition, a plaintiff must allege that a policy, custom, or failure to train actually caused a municipality's employee to commit the constitutional deprivation.  *Id.* at 391; *Monell*, 436 U.S. at 694.

Here, Peters fails to allege any connection between the complained-of conduct and a county employee, let alone that the county employee acted pursuant to a policy or custom, or that the county employee was untrained.  Because Peters cannot plausibly allege that a county official violated his constitutional right while he was detained in a state correctional facility, his claims against the County of Kauai are DISMISSED with prejudice.  The Court will grant Peters one more opportunity to amend his pleading to name a proper defendant or defendants.

## D.    Fourteenth Amendment Claims

If Peters chooses to file an amended pleading, he should again consider the following legal standards.  Peters alleges that his rights under the Fourteenth Amendment were violated because his safety was threatened.  ECF No. 9 at 5.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, . . . the proper inquiry is whether those conditions amount to punishment of the detainee."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnote omitted);[2] *see also Block v. Rutherford*, 468 U.S. 576, 583–85 (1984).  "Not every disability imposed during pretrial detention amounts to 'punishment' in the

---

[2]  Although *Bell* considered a claim under the Due Process Clause of the Fifth Amendment, the same standards apply under the Due Process Clause of the Fourteenth Amendment.  *See Paul v. Davis*, 424 U.S. 693, 702 n.3 (1976) ("[T]he Fourteenth Amendment imposes no more stringent requirements upon state officials than does the Fifth upon their federal counterparts.").

constitutional sense[.]" *Bell*, 441 U.S. at 537.  "Loss of freedom of choice and privacy are inherent incidents of confinement," and the fact that detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.*

To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted).

Here, Peters has not said who made an intentional decision that placed him at substantial risk of suffering serious harm.  Peters does not allege that there were any previous issues between pretrial detainees and sentenced inmates, or that he or anyone else complained to prison officials about the "dual" housing module. Peters also does not that there were any prior similar incidents in the shower. Even if there were such incidents, Peters does allege that any prison official failed

to take reasonable available measures to abate a risk to his safety.  Finally, Peters

fails to say how failing to take any such measures caused him injury.

### IV.  <u>LEAVE TO AMEND</u>

When a pleading is dismissed under 28 U.S.C. § 1915A, district courts have

discretion to dismiss with or without leave to amend.  *Lopez v. Smith*, 203 F.3d

1122, 1126–30 (9th Cir. 2000) (en banc).  "Under Ninth Circuit case law, district

courts are only required to grant leave to amend if a complaint can possibly be

saved.  Courts are not required to grant leave to amend if a complaint lacks merit

entirely."  *Id.* at 1129.  "Unless it is absolutely clear that no amendment can cure

the defect, however, a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also*

*Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) (order) ("We have held

that a district court's denial of leave to proceed in forma pauperis is an abuse of

discretion unless the district court first provides a plaintiff leave to amend the

complaint or finds that amendment would be futile.").

The FAC is DISMISSED with partial leave granted to amend.  If Peters

decides to pursue his claims, he must file an amended complaint on or before

**March 20, 2023**, that attempts to cure the deficiencies in those claims.  Peters may

not expand his claims beyond those already alleged herein or add new claims,

10

without explaining how those new claims relate to the claims alleged in the FAC.

Claims that do not properly relate to those in the FAC are subject to dismissal.

Peters must comply with the Federal Rules of Civil Procedure and the Local

Rules for the District of Hawaii, particularly LR10.4, which require an amended

complaint to be complete itself, without reference to any prior pleading.  An

amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the court's prisoner civil rights

complaint form.  An amended complaint will supersede the preceding complaint.

*See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015);

LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed

voluntarily dismissed.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.

2012).

## V.  **28 U.S.C. § 1915(g)**

If Peters fails to file an amended complaint or is unable to amend his claims

to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action

or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Alternatively, Peters may voluntarily dismiss his action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) Peters's claims against the KCCC and the DPS are DISMISSED with prejudice.

(2) Peters' claims against the County of Kauai are DISMISSED with prejudice.

(3) Peters may amend his pleading to name a proper defendant or defendants.

(4) If Peters decides to do so, he must file an amended complaint that addresses the noted deficiencies in his claims on or before **March 20, 2023**.

(5) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Peters may incur a strike under 28 U.S.C. § 1915(g).  ALTERNATIVELY, Peters may voluntarily dismiss his action pursuant to Fed. R. Civ. P. 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6) The Clerk is DIRECTED to send Peters a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED:  February 17, 2023, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID ABIEL ZELBIC PETERS VS. KAUAI COMMUNITY CORRECTIONAL FACILITY; *et al.*; CV 22-00512 LEK-RT; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND**